UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :   **Memorandum and Order**
                                                             :
            -against-                                        :   06-CR-188 (DLI)
                                                             :
ANTHONY FRIDAY EHIS,                                         :
                                                             :
                              Defendant.                     :
                                                             :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On April 2, 2009, following defendant's guilty plea before this court, the court sentenced defendant to a term of fifty-seven months of imprisonment followed by a supervised release term of three years.[1] (Sentencing Tr. at 26.) Defendant now moves, *pro se*, for a reduction in sentence pursuant to 18 U.S.C. § 3742(g) on a number of grounds. First, defendant asserts that a sentence reduction is warranted because, during the sentencing proceeding, his counsel failed to discuss a head injury he sustained while incarcerated in the Queens Private Detention Facility. (Mot. at 1.) Defendant further argues that the hardships suffered by various family members during his incarceration warrant a reduction in his sentence. (Mot. at 2.) Finally, defendant argues that his sentence should be reduced in light of the disparity between his sentence and the sentence of his co-defendant. (Mot. at 2.) The government opposes defendant's request. For the reasons set forth below, defendant's motion is denied.

---

[1] On March 30, 2009, defendant pled guilty to one count of conspiracy, eight counts of wire fraud, and one count of mail fraud. (*See* Minute Entry, Doc. No. 110.) Familiarity with the facts and background of this matter is assumed as they have been detailed in previous submissions to the court, and thus, shall not be repeated herein.

**Discussion**

"A district court may not generally modify a term of imprisonment once it has been imposed." *Contorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007) (citing *United States v. Thomas,* 135 F.3d 873, 876 (2d Cir. 1998) ("Congress has imposed stringent limitations on the authority of courts to modify sentences, and courts must abide by those strict confines.")). There are, however, limited circumstances that permit such a reduction. Defendant brings this motion under 18 U.S.C. § 3742(g). This section only applies after a case has been remanded to a district court by the Court of Appeals for reconsideration of a sentence. In light of defendant's *pro se* submission, the court construes his request as a motion for reduced sentence pursuant to either 18 U.S.C. § 3582(c) or Federal Rule of Criminal Procedure 35.

Pursuant to 18 U.S.C. § 3582(c), a court may modify a term of imprisonment, if certain conditions are met, "upon motion of the Director of the Bureau of Prisons" or "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." These provisions are inapplicable here because no motion has been filed by the Director of the Bureau of Prisons on defendant's behalf and the sentencing range applicable to defendant has not been subsequently lowered by the Sentencing Commission.

Federal Rule of Criminal Procedure 35(b) also permits a court to reduce a sentence upon the government's motion "if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." No such motion has been made by the government in this case. Finally, Federal Rule of Criminal Procedure 35(a) permits a court to correct, "[w]ithin 7 days after sentencing," a sentencing error that "resulted from arithmetical, technical, or other clear error." In light of defendant's arguments and the absence of circumstances

permitting the court to consider any other basis for a sentence reduction, the court construes defendant's request under the "clear error" clause of Federal Rule of Criminal Procedure 35(a).

The court sentenced defendant on April 2, 2009. Defendant filed this motion thirty-six days later on May 8, 2009. Therefore, defendant's motion is denied as untimely. Nevertheless, even if defendant made a timely motion under Rule 35(a), such motion would be denied on the merits.

Defendant requests a reduction of his sentence on three grounds. First, defendant argues that he deserves a reduction because he suffered a serious head injury during an assault committed by another inmate. (Mot. at 1.) Defendant states that his counsel failed to discuss this during the sentencing proceeding. (*Id*.) Next, defendant argues that the hardships suffered by various family members during his incarceration warrant a reduction in his sentence. (Mot. at 2.) Finally, defendant argues that his sentence should be reduced because the court imposed a lower sentence upon his co-defendant, who is not married and without children, and whose base offense level ("BOL") and criminal history category resulted in the same sentencing range of fifty-seven to seventy-one months pursuant to the United States Sentencing Guidelines ("Sentencing Guidelines"). (Mot. at 2.) The record makes clear that the court took all of these issues into consideration when determining defendant's sentence.

First, the court noted the circumstances of defendant's head injury in determining his sentencing proceeding when it stated, "[t]he court understands that you have suffered an assault while incarcerated" and that "[t]he court takes all of that into consideration." (Sentencing Tr. at 26.) The court first became aware of the assault of defendant on August 8, 2008. It ordered an inquiry into defendant's medical status and treatment at that time. (*See* Order dated Aug. 8, 2008, Docket No. 55.) The court subsequently received numerous filings concerning defendant's medical condition. (*See* Docket Nos. 58, 65, 69.) Furthermore, despite defendant's assertion to

3

the contrary, his counsel did raise the issue of his head injury during the sentencing proceeding and asked the court to consider it when determining defendant's sentence. (Sentencing Tr. at 14.) Defendant also reminded the court of the injury he suffered at that time. (*Id*. at 20.) As there is no doubt that the court considered defendant's medical condition in arriving at an appropriate sentence, a reduction in sentence on this ground is unwarranted.

Next, defendant argues that hardships suffered by various family members during his incarceration warrant a reduction in his sentence. (Mot. at 2.) These concerns, too, were taken into consideration at the time the court imposed defendant's sentence. During the sentencing proceeding, the court stated:

> To the extent that you have been separated, Mr. Ehis, from your family, from your loved ones, in that regard you sit in no different position from any other defendant who is not a citizen of the United States, who does not have family here, whose family structure is in another country . . . Just as war has collateral damage, crimes have collateral damage as well. Part of that collateral damage—to use war-time terminology—are the families of the defendants, who had nothing to do with the commission of the crime but who suffer nevertheless . . . I understand that your wife is suffering economically.

(Sentencing Tr. at 24-25.) Defendant's claims that the Department of Probation misinformed the court in its Pre-Sentence Report ("PSR") regarding defendant's financial contributions to his family are also unavailing. The PSR indicated that defendant started a clothing business between 2000 and 2004, but that he was unemployed from 2004 until the time of his arrest. (PSR at 18.) The PSR also noted defendant's statement that from 2004 until the time of his arrest, he lived off of savings and a business loan. (*Id*.) The court reviewed defendant's objections to the PSR, where he merely stated, "[p]rior to being arrested, [he] supported his wife and child." (Objections to the PSR, Docket No. 83 at 4.) In light of these submissions, as well as defendant's current assertions, the court's statement that defendant was not working "before [he] entered this scam anyway . . . [s]o [he was not] contributing all that much financially" is accurate.

4

As the court considered the impact on defendant's family when determining an appropriate sentence, a reduction in defendant's sentence on this ground is also unwarranted.

Finally, defendant argues that his fifty-seven-month sentence should be reduced because the court imposed a fifty-month sentence upon his co-defendant, Kesandu Egwuonwu, who is not married and without children, and whose BOL and criminal history category resulted in the same sentencing range of fifty-seven to seventy-one months pursuant to the Sentencing Guidelines. (Mot. at 2.) Defendant is incorrect. Though both defendant and Mr. Egwuonwu had a criminal history category of I, Mr. Egwuonwu's BOL was twenty-three—two points lower that of defendant. As a result, Mr. Egwuonwu's Sentencing Guidelines range was forty-six to fifty-seven months.

Under the relevant statutory provision, 18 U.S.C. § 3553(a)(6), a sentencing court must take into consideration "the need to avoid unwarranted sentence disparities among federal defendants with similar records who have been found guilty of similar conduct." *United States v. Fernandez*, 443 F.3d 19, 28 (2d Cir. 2006) (citing 18 U.S.C. § 3553(a)(6)). The Second Circuit, however, has not interpreted 18 U.S.C. § 3553(a)(6) to require that sentencing courts consider sentencing disparities among co-defendants' sentences, "particularly when the co-defendants are not similarly situated." *United States v. Andino*, 277 Fed. Appx. 126, 128 (2d Cir. 2008).

In this case, the court arrived at different sentences for each defendant after making an individualized assessment as to their respective culpability in the offenses charged. Defendant was not similarly situated to his co-defendant, Mr. Egwuonwu, because he played a different role in the conspiracy to defraud. For example, while defendant held himself out as an attorney to his victims, thereby placing himself in a position of trust, Mr. Egwuonwu did not. Defendant's act in this regard warranted a two-point enhancement under the Sentencing Guidelines. U.S.S.G. § 3B1.3. Defendant also displayed significant recalcitrance throughout the case despite his words

of remorse during the sentencing proceeding. Mr. Egwuonwu, on the other hand, seemed genuinely remorseful for his role in the offenses. As defendant and Mr. Egwuonwu were not similarly situated, a disparate sentence was proper. As such, a reduction in defendant's sentence on this ground would also be unwarranted.

### Conclusion

As the court noted during the sentencing proceeding, it was because of the aforementioned concerns raised by defendant, among others, that the court did not impose a sentence greater than that recommended by the Sentencing Guidelines and instead, sentenced defendant to the lower end of the applicable Sentencing Guides range. (Sentencing Tr. at 26.) Defendant's arguments, even if timely made, are without merit. Accordingly, defendant's motion is denied in its entirety.

A certificate of appealability shall not issue, as defendant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
August 4, 2009

/s/
DORA L. IRIZARRY
United States District Judge